UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kirk James Tennant, | ) C/A No. 3:10-2979-RBH-JRM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| SC Dept. of Probation;<br>Pickens County Detention Center;<br>David Stone, Sheriff, | ) |
| Respondents. | ) |

## *Background of this Case*

Petitioner is a resident of Pendleton, South Carolina. He has submitted an amended Section 2254 petition to challenge his conviction for indecent exposure, which was entered pursuant to a jury's verdict (Case No. 2009-GS-39-0021) in the Court of General Sessions for Pickens County on June 2, 2009. He was sentenced to fifteen (15) months in prison and four (4) years on probation. No direct appeal was filed by Petitioner. Petitioner's answers also reveal that Petitioner has not filed an application for post-conviction relief.

In the Amended Petition, Petitioner raises three grounds. Although the heading for Ground I is left blank, it is clear that Petitioner is raising claims of ineffective assistance of counsel. Ground II and Ground III relate to Petitioner's expectation that he would be acquitted at trial. Petitioner alleges that his counsel did not fully investigate Petitioner's criminal case. Essentially, all grounds relate to ineffective assistance of counsel at trial.

1

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the amended Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to his conviction for indecent exposure, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after Petitioner has exhausted his state court remedies. *See* 28 U.S.C.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

§ 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241); and *Moore v. De Young*, 515 F.2d 437, 442-43 (3rd Cir. 1975) (exhaustion required under 28 U.S.C. § 2241). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)).

Since the time for Petitioner to have filed a timely direct appeal has clearly expired, his available state court remedy is an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10, *et seq.* (Westlaw 2011). If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of certiorari) in that post-conviction case. *See* S.C. Code Ann. § 17-27-100; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985)[2]. An applicant seeking post-conviction relief may bring an action even if he or she is not incarcerated. *Jackson v. State*, 331 S.C. 486, 489 S.E.2d 915, 917 (1997) ("Thus, an applicant, regardless of whether he served jail time, may bring a PCR action if he demonstrates he is prejudiced by persistent results of his conviction. Therefore, the trial court erred in holding petitioner must be in custody in order to have standing.") (citations omitted).

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is a viable state-court remedy. *See Miller v. Harvey*, 566

---

[2] The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for certiorari in post-conviction cases upon referral from the Supreme Court of South Carolina. *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005), Shearouse Advance Sheet # 19; and *Dunlap v. State*, 371 S.C. 585, 641 S.E.2d 431 (2007) ("In appeals from criminal convictions **or post-conviction relief matters**, a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.")(emphasis in original).

F.2d 879, 880-81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir. 1977). In an application for post-conviction relief, an applicant can raise issues relating to ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614 (1999); and *Drayton v. Evatt*, 312 S.C. 4, 430 S.E.2d 517, 519-20 (1993) (issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel).

In order to prevail on a claim of the ineffective assistance of counsel, a person in a habeas corpus or post-conviction proceeding must show: *(1)* counsel's representation fell below an objective standard of reasonableness; and *(2)* there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. at 687-94. The second prong of the *Strickland* test is often called the "prejudice" component. *See also Williams v. Taylor*, 529 U.S. 362 (2000).

A state court's finding on a claim of the ineffective assistance of counsel is a combination of a finding of fact and a conclusion of law. Although applicable precedents require this court, under 28 U.S.C. § 2254, to make its own determination of both the performance and (if necessary) the "prejudice" components highlighted in *Strickland v. Washington*, the historical facts decided by a court of a state in a claim of ineffective assistance of counsel remain subject to deference. *See Hoots v. Allsbrook*, 785 F.2d 1214, 1219 & n. 6 (4th Cir. 1986) ("old" § 2254(d) standard); *Williams v. Taylor* (standard under Anti-Terrorism and Effective Death Penalty Act); and *James v. Harrison*, 389 F.3d 450, 452-57 (4th Cir. 2004) (applying *Williams v. Taylor* standard). Hence, if Petitioner intends to raise any claims relating to ineffective assistance of counsel in a federal habeas corpus

action, findings of fact by a South Carolina court are necessary before Petitioner can seek federal review of his conviction in a § 2254 proceeding.

Since Petitioner has two viable state court remedies — an application for post-conviction relief and an "appeal" (petition for writ of *certiorari*) in the post-conviction case, this Court should not keep this case on its docket while Petitioner is exhausting his state court remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

### *Recommendation*

Accordingly, it is recommended that the Amended Petition be dismissed *without prejudice and without requiring Respondents to file an answer or return. See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal. March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not

entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

Petitioner's attention is directed to the important notice on the next page.

January 14, 2011  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).